UNITED STATES DISTRICT COURT
Southern District of New York
-----------------------------------------------------------------X

| | |
|---|---|
| VICTOR K. SOFFER | Docket No. 08 CIV. 1456 |
| Plaintiff, | |
| -against- | **DEMAND FOR JURY TRIAL** |
| VALENTI MOTORS, INC. | |
| Defendant | |

-----------------------------------------------------------------X

PLEASE TAKE NOTICE that the defendant demands a trial by jury.

Dated: New York, New York

April 15, 2008

_[signature]_
PETER J. MADISON (PM 4934)
Attorney at Law
*Attorney for Defendant*
111 John Street, Suite 1615
New York, New York 10038
(212) 514-8087

TO:   MICHAEL A. BORG, ESQ.
       *Attorney for Plaintiff*
       40 Wall St, 26th Floor
       New York, NY 10005

UNITED STATES DISTRICT COURT
Southern District of New York
-----------------------------------------------------------------X
VICTOR K. SOFFER                                    Docket No. 08 CIV. 1456

        Plaintiff,

  -against-                                    **ANSWER**

VALENTI MOTORS, INC.

        Defendant

-----------------------------------------------------------------X

  The Defendant Valenti Motors, Inc., by its attorney, Peter J. Madison, answering the Complaint herein, alleges:

1. Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs of the Complaint marked 2, 19, 22, 26, 27, 28, 29, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 53, 54, 55, 56, 57 and 58.

2. Denies each and every allegation contained in the paragraphs of the Complaint marked 8, 9, 14, 16, 30, 31, 32, 33, 34, 35, 50, 51 and 52.

3. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint numbered 1, 10, 11, 15, and 17, and respectfully refer conclusions of law to the court.

4. Denies upon information and belief each and every allegation made in the paragraph of the complaint numbered 6, except admits that plaintiff requested that the defendant arrange for financing of the purchase price of the new vehicle.

5. Denies knowledge or information sufficient to form a belief as to any of the allegations made in the paragraph of the complaint numbered 3, except admits that defendant is a motor vehicle dealer.

6. Denies knowledge or information sufficient to form a belief as to any of the allegations made in the paragraph of the complaint numbered 18, except admits that defendant is a new and used motor vehicle dealer which sells new and used vehicles manufactured by Audi, Airstream, Isuzu, Jaguar, Lotus, Pontiac, Saab and Volkswagen.

7. Denies knowledge or information sufficient to form a belief as to any of the allegations made in the paragraph of the complaint numbered 23, except admits that plaintiff expressed concern about vibration to with the defendant's salesman.

8. Denies knowledge or information sufficient to form a belief as to any of the allegations made in the paragraph of the complaint numbered 49, except admits that the mechanic advised that the pre-owned vehicle showed evidence of re-painting.

### As and for a First Affirmative Defense

The defendant has returned to the plaintiff the $500 referred to and alleged in that part of the plaintiff's complaint entitled First Claim For Relief, by reason of which there exists no claim under 15 USC § 1640.

### As and for a Second Affirmative Defense

The defendant has offered to investigate, and, if necessary repair, any mechanical problems or difficulties with the subject motor vehicle, pursuant to the warranty on the said vehicle, which offer has been unreasonably refused and denied by plaintiff.

### As and for a Third Affirmative Defense

The plaintiff has failed to take reasonable steps to mitigate his damages, by reason of which his recovery, if any, should be reduced in the amount of any loss caused by plaintiff's failure to mitigate

### As and for a Fourth Affirmative Defense

There is no Federal question involved in the controversy claimed in the complaint, by reason of which this court lacks jurisdiction over the matter.

### As and for a Fifth Affirmative Defense

Valenti Motors, Inc., is not a New York corporation. It does not have any place of business in New York State, much less in the Southern District of New York. It does no business in New York State, and is not registered with the State of New York Department of State to do business in New York. The transaction which plaintiff sues over took place entirely in the State of Connecticut. There is a district in which this action may otherwise be brought. By reason of the foregoing, venue is laid improperly in the Southern District of New York, and this action is subject to dismissal.

### As and for a Sixth Affirmative Defense

The refund of the $500 hereinabove alleged under the First Affirmative Defense took place within 60 days of the conclusion of the transaction. By reason of the foregoing, this defendant is not liable to the plaintiff pursuant to 15 USC § 1640 (b).

### As and for a Seventh Affirmative Defense

If there was a technical violation of 15 USC § 1640, it was an unintentional violation and the result of a bona fide error. By reason of the foregoing, this defendant is not liable to the plaintiff pursuant to 15 USC § 1640 (c).

### As and for an Eighth Affirmative Defense

Under 15 USC § 1640 (a) (2) (A) (iii), plaintiff's damages, if he is entitled to any, are limited to no less than $200 and no more than $2000.

### As and for a Ninth Affirmative Defense

A valid agreement to arbitrate exists between the parties, by reason of which this action at law is barred.

WHEREFORE, the defendant demands judgment dismissing the complaint, together with such costs, interest, and attorneys' fees as are appropriate to the action.

Dated: New York, New York

April 15, 2008

PETER J. MADISON (PJM 4934)
Attorney at Law
*Attorney for Defendant*
111 John Street, Suite 1615
New York, New York 10038
(212) 514-8087

TO:   MICHAEL A. BORG, ESQ.
*Attorney for Plaintiff*
40 Wall St, 26th Floor
New York, NY 10005

STATE OF NEW YORK, COUNTY OF NEW YORK

Peter J. Madison affirms as follows under the penalty of perjury: I am not a party to the action/am an attorney duly admitted to practice in the courts of the State of New York and in the US District Court for the Southern District, am over 18 years of age, and reside at 1514 Palisade Avenue, Union City, NJ.

On April 15, 2008, I served a true copy of the annexed Answer in the following manner:

_x_ by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the state of New York, addressed to the last known address of the addressee(s) as indicated below:

Michael A. Borg, Esq.
40 Wall Street, 26th Floor
New York, NY 10005

Affirmed on April 15, 2008

*Peter J. Madison* (signature)
Peter J. Madison